HILDAHL, Respondent, v. SEIM, Appellant.

(190 N. W. 782.)

(File No. 5078.    Opinion filed November 28, 1922.)

**Brokers—Commission—Jury—Sale by Owner Before Notice of Acceptance by Broker's Customer Held for Jury.**

In a suit for a commission for procuring a purchaser, a direct conflict in the evidence as to acceptance by the broker's purchaser before notice of a sale by the owner to another presents a question for the jury.

Appeal from Circuit Court, Minnehaha County; Hon. L. L. Fleeger, Judge.

Action by Wollert Hildahl against Andrew Seim. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. Affirmed.

*Mundt & Mundt,* of Sioux Falls, for Appellant.

*Parliman & Parliman,* of Sioux Falls, for Respondent.

GATES, P. J. This is an appeal from a judgment in the circuit court for plaintiff and an order denying new trial. The case was begun and tried in the municipal court of Sioux Falls with the like judgment. The action is for the recovery of a real estate broker's commission. Defendant had listed the property in question with plaintiff upon a $200 commission, but at that time

6—Vol. 46, S. D.

he notified plaintiff that another person was dickering for it. Plaintiff produced a committee of three, who contemplated buying the property as a residence for the new president of Augustana College. Price and terms were substantially agreed to, but defendant agreed to give the committee until Saturday night to decide whether it would buy. On Saturday morning defendant with his other purchaser appeared before one of the committee. According to one version of the facts defendant was notified that the committee was ready to close the deal before he gave notice that he had already sold the property. According to the other version the acceptance by the committee was not until it had been notified by defendant of the other sale. This was a question for the jury to determine. We cannot say that there was not evidence tending to show that plaintiff produced a purchaser ready, able, and willing to take the property at defendant's terms.

The judgment and order appealed from are affirmed.

Note—Reported in 190 N. W. 782. See American Key-Numbered Digest, Brokers, Key-No. 88(3), 9 C. J. Sec. 129.